# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP2271-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Medical Incapacity Proceedings Against Tracey A. B., Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>    v.<br>Tracey A. B.,<br>      Respondent. |

Medical Incapacity Proceedings Against A.B.

| | |
|---|---|
| OPINION FILED: | February 19, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP2271-D

STATE OF WISCONSIN : IN SUPREME COURT

In the Matter of Medical Incapacity Proceedings
Against Tracey A. B., Attorney at Law:

Office of Lawyer Regulation,

      Complainant,

  v.

Tracey A. B.,

      Respondent.

**FILED**

**FEB 19, 2020**

Sheila T. Reiff
Clerk of Supreme Court

Medical Incapacity Proceeding. *Attorney's license indefinitely suspended.*

¶1 PER CURIAM. This matter involves a Wisconsin attorney, Tracey A. Berry, who is also licensed to practice law in Tennessee. On July 29, 2019, the Supreme Court of Tennessee issued an order transferring Attorney Berry to disability inactive status for an indefinite period of time. Accordingly, the Office of Lawyer Regulation (OLR) has informed the court, and Attorney Berry does not dispute, that Attorney Berry is subject to a reciprocal suspension for medical incapacity in Wisconsin. Supreme Court

Rule (SCR) 22.22.[1]  The OLR and Attorney Berry filed a stipulation pursuant to SCR 22.12, agreeing that Attorney Berry's license to

---

[1] SCR 22.22 provides:

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process. .

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity. .

practice law in Wisconsin should be suspended indefinitely for her medical incapacity. After reviewing the matter, we approve the stipulation. We impose no costs in this matter.

¶2 Attorney Berry was admitted to the practice of law in Wisconsin in 2003. She was admitted to the practice of law in Tennessee in 2004. Attorney Berry's most recent professional address is in Tennessee.

¶3 Attorney Berry has not been the subject of any professional discipline in this state. Her license to practice law in Wisconsin has been administratively suspended since October

---

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule. .

(5) The supreme court may refer a complaint filed under sub. (2) to a referee for a hearing and a report and recommendation pursuant to SCR 22.16. At the hearing, the burden is on the party seeking the imposition of discipline or license suspension different from that imposed in the other jurisdiction to demonstrate that the imposition of identical discipline or license suspension by the supreme court is unwarranted.

(6) If the discipline or license suspension imposed in the other jurisdiction has been stayed, any reciprocal discipline or license suspension imposed by the supreme court shall be held in abeyance until the stay expires.

31, 2009 for failure to pay bar dues and assessments and for failure to file a trust account certificate.

¶4    On December 2, 2019, the OLR filed a complaint stating that on July 25, 2019, the Tennessee Board of Professional Responsibility filed a Petition to Transfer Attorney Berry to Disability Inactive Status.  On July 29, 2019, the Supreme Court of Tennessee issued an order that transferred Attorney Berry to disability inactive status for an indefinite period of time until further order of that court.  In Re: Tracey Alice Berry, BPR #023508, case no. M2019-01350-SC-BAR-BP.  The Tennessee order provides that Attorney Berry may petition for reinstatement pursuant to Tenn. Sup. Ct. R. 9, §27.7.[2]

_____

    [2] Tenn. Sup. Ct. R. 9, §27.7 provides in pertinent part as follows:

    (a) No attorney transferred to disability inactive status pursuant to Section 27 may resume active status until reinstated by order of the Court. Any attorney transferred to disability inactive status pursuant to Section 27 shall be entitled to petition for reinstatement to active status after the disability is removed.  The petition for reinstatement shall be filed with the Court in the form adopted by the Board.  The petitioner shall serve a copy of the petition upon Disciplinary Counsel, who shall investigate the matter and file an answer to the petition within thirty days. The answer shall include a recommendation as to whether the petition should be granted without a hearing or referred to a hearing panel for a hearing.

    (b) Upon the filing of a petition for reimbursement pursuant to Section 27, the Court may take or direct such action as it deems necessary or proper to a determination of whether the attorney's disability has been removed, including a direction for an examination of the attorney by such qualified medical or mental health experts as the Court shall designate and the

¶5  After service of the OLR's complaint, the OLR and Attorney Berry entered into a stipulation.  The stipulation states that the Supreme Court of Tennessee order has essentially the same force and effect that imposition of a medical incapacity suspension would have on a Wisconsin licensed attorney's ability to practice law.  Similarly, the criteria for Attorney Berry to reinstate her Tennessee law license under Tenn. Sup. Ct. R. 9, §27.7 (a) and (b) and §27.9[3] are substantially similar to the reinstatement criteria

furnishing of such expert's report to the Board, the Court, and the attorney and the attorney's counsel.  In its discretion, the Court may direct that the expense of such an examination shall be paid by the attorney, and that the attorney establish proof of competence and learning in law, which proof may include certification by the Board of Law Examiners of the successful completion of an examination for admission to practice.  The Court also may refer the petition to a hearing panel for a hearing in which the petitioner shall have the burden of proof.  The hearing shall be governed by Section 30.4.  The petition shall be granted upon a showing by clear and convincing evidence that the attorney's disability has been removed and the attorney is fit to resume the practice of law.

[3] Tenn. Sup. Ct. R. 9, §27.9 provides as follows:

The filing of a petition for reinstatement to active status by an attorney transferred to disability inactive status because of disability shall be deemed to constitute a waiver of any doctor-patient privilege with respect to any treatment of the attorney during the period of disability.  The attorney shall be required to disclose the name of every psychiatrist, psychologist, physician and hospital or other institution by whom or in which the attorney has been examined or treated since the transfer to disability inactive status, and shall furnish to the Court written consent to each to divulge such information and records as requested by court appointed medical experts.

considered by this court in medical incapacity proceedings. See SCR 22.36.[4]

_____

[4] SCR 22.36 provides:

(1) An attorney whose license to practice law is suspended or whose practice of law is subject to conditions for medical incapacity may petition the supreme court at any time for reinstatement of the license or the removal of conditions.

(2) The supreme court shall refer the petition to the director for investigation to determine whether the attorney's medical incapacity has been removed.

(3) The filing of a petition for reinstatement constitutes a waiver of any privilege existing between the petitioner and any psychiatrist, psychologist, physician or other health care provider that has provided care to the attorney. The petitioner shall disclose the name of every psychiatrist, psychologist, physician and other health care provider that has provided care following suspension or the imposition of conditions and shall furnish the director written consent to the release of information and records requested by the medical experts appointed by the director or a referee.

(4) The director may direct a medical or psychological examination of the petitioner by such qualified experts as the director designates and may direct that the expense of the examination be paid by the petitioner.

(5) Following the investigation, the petition shall be submitted to a referee. The clerk or deputy clerk of the supreme court shall select an available referee from the panel provided in SCR 21.08, based on the location of the respondent's place of residence, and the chief justice or, in his or her absence, the chief justice's delegee shall issue an order appointing the referee selected by the clerk or deputy clerk to review the petition.

(6) The petitioner has the burden of showing by clear, satisfactory and convincing evidence that the

¶6  In the stipulation, Attorney Berry agrees that the facts alleged in the OLR's complaint support the imposition of an indefinite suspension for medical incapacity. Attorney Berry states that she does not claim any of the exceptions provided in SCR 22.22(3). She agrees that it would be appropriate to suspend her license to practice law in Wisconsin for an indefinite period of time, as sought by the OLR. Attorney Berry further states that the stipulation did not result from plea bargaining, that she understands what is stated in the OLR complaint, her right to contest the matter, and she is aware of the potential ramifications of the stipulation. She acknowledges her right to consult with counsel. She states that she is entering into the stipulation knowingly and voluntarily, and that her entry into the stipulation represents her decision not to contest the suspension for medical incapacity that is sought by the OLR.

¶7  Having reviewed the matter, we accept the stipulation and agree that Attorney Berry's license to practice law in

---

medical incapacity has been removed and that the petitioner is fit to resume the practice of law, with or without conditions.

(7) The referee shall hold a hearing on the petition, if necessary, and file a report and recommendation in the supreme court.

(8) If an attorney whose license to practice law has been suspended for medical incapacity pursuant to SCR 22.35 is thereafter judicially declared to be no longer in the condition previously determined under Wis. Stat. chapter 51 or chapter 880 (1997-98), the supreme court may direct reinstatement of the attorney's license, with or without conditions.

7

Wisconsin should be suspended for an indefinite period of time for medical incapacity, based on the actions of the Supreme Court of Tennessee.  SCR 22.22.  Because this matter has been resolved by stipulation without the appointment of a referee, we do not impose any costs in this matter.

¶8  IT IS ORDERED that, effective the date of this order, the license of Tracey A. Berry to practice law in Wisconsin is suspended for an indefinite period of time due to medical incapacity, based on the Supreme Court of Tennessee order transferring Attorney Berry to disability inactive status for an indefinite period of time.  See In Re: Tracey Alice Berry, BPR #023508, case no. M2019-01350-SC-BAR-BP.

¶9  IT IS FURTHER ORDERED that the administrative suspension of Tracey A. Berry's license to practice law in Wisconsin, due to her failure to pay mandatory bar dues and for failure to file a trust account certification, will remain in effect until each reason for the administrative suspension has been rectified pursuant to SCR 22.28(1).

¶10  IT IS FURTHER ORDERED that Tracey A. Berry shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.